**FORD v. NAUTS, Collector of Internal Revenue.**

District Court, N. D. Ohio, W. D. January 9, 1928.

No. 3279.

1. **Internal revenue ⟨⟩28(3)—Taxpayer may resort to any legal methods to depreciate amount of his tax liability.**

A taxpayer may resort to any legal methods available to him to depreciate the amount of his tax liability, so long as his efforts are confined to the law.

2. **Internal revenue ⟨⟩38(2)—Distributee, required by probate court judgment to return securities illegally distributed and account for dividends, held entitled to recover federal income taxes paid thereon (Gen. Code Ohio, § 10839).**

Where distribution of securities to plaintiff under will, before administration of estate and payment of debts exceeding current income of estate was adjudged illegal by probate court, under Gen. Code Ohio, § 10839, and plaintiff was required to return securities to estate and account for dividends received, plaintiff acquired no title in securities, and dividends thereon did not lawfully become part of income of plaintiff when he returned them as such, and he was therefore entitled to recover federal income tax payment thereon.

At Law. Action by George R. Ford against Charles H. Nauts, individually and as Collector of Internal Revenue. Judgment for plaintiff.

Doyle & Lewis, of Toledo, Ohio, for plaintiff.

Harry G. Levey, Asst. U. S. Atty., of Toledo, Ohio, for defendant.

KILLITS, District Judge. Plaintiff is one of the distributees under the will of his father, made before the estate of the latter was administered and while debts remained unpaid which exceeded current income of the estate, out of which by well-understood principles they should first be paid. Upon the income received by plaintiff from his share of this distribution of securities, the latter made a return for taxation for the calendar year 1921.

This distribution in kind was plainly unlawful. Such never could be made, unless the conditions of section 10839, Ohio Code, existed, which was not the fact at the time. Some considerable time after the making of plain-tiff's return and the payment of the tax upon his income, enhanced by the inclusion therein of the dividends upon the securities so distributed to him, the probate court of Lucas county, Ohio, entered an order finding such distribution to have been unlawful, directing that the securities be returned to the estate and that an accounting be had by the plaintiff and other distributees for the income by them received, upon which, as above stated, plaintiff had paid income tax. Such return and accounting was had. Thereupon plaintiff demanded the return of the tax so paid by him, and, the Internal Revenue Bureau denying his claim, this action followed.

The facts are conceded, and we think the law is quite plain. The judgment of the probate court is irrevocable and absolute, and at least technically justifiable, if not absolutely necessary, under the circumstances. For regularity of probate administration was inevitable under the state of the law. That the plaintiff acquired no title to the securities, upon whose income he paid the tax in question, is quite plain.

[1] We are not concerned with the subject of motive. It may be that the action of the probate court, occurring so long after the event, was induced in an effort to avoid the tax in question, which is disputed, and in fact the order of the probate court recites that it was upon the motion of the court itself. But it is well settled that a taxpayer may resort to any legal methods available to him to depreciate the amount of his tax liability, so long as his efforts are confined to the law.

[2] The only question, therefore, is whether actually the dividends upon the securities in question were lawfully part of the income of Mr. Ford, the plaintiff, when he returned them as such. This question is, we think, easily answered. The law does not contemplate that that is income of the taxpayer which belongs to another, but is appropriated by the individual making the return. That is the case here, and upon these principles we think that judgment on this record should run for the plaintiff. The fact that the administration of the estate was not embarrassed by the unlawful action of the executors in making the distribution in question seems to us to have no persuasiveness. It certainly could not make lawful that which was, in fact, under the Ohio law, unlawful.